# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7960 | **DATE** | 6/23/2003 |
| **CASE TITLE** | Airport Surface Technologies, LLC vs. FieldTurf, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss Count VII of Plaintiffs' Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendant's Motion to Dismiss Count VII of Plaintiffs' Complaint [39-1] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons stated on the attached order, Defendant's motion [39-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✔ | Docketing to mail notices. | | | 49 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 03 JUN 23 PM 3:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AIRPORT SURFACE TECHNOLOGIES, L.L.C. and AVTURF, L.L.C. ) ) ) Plaintiffs, ) ) v. ) ) FIELDTURF, INC. ) ) Defendant. ) | Case No. 02 C 7960 <br><br> HONORABLE CHARLES R. NORGLE |
| FIELDTURF, INC. ) ) Counterclaimant, ) ) v. ) ) AIRPORT SURFACE TECHNOLOGIES, ) AVTURF, L.L.C., DALE COLLETT, and ) WILLIAM SCHOMBURG ) ) Counterdefendants. ) | |

DOCKETED
JUN 24 2003

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss Count VII of Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is granted.

## I. INTRODUCTION

In February of 2000, Plaintiffs, led by AvTurf President Patrick Carr, collectively developed an artificial turf system to be used alongside airfield runways and taxiways ("the AvTurf System"). After finalizing the AvTurf System, Plaintiffs approached FieldTurf, a supplier of artificial turf, as

1

49

a potential supplier of the AvTurf System. On August 7, 2000, Plaintiffs met with FieldTurf and discussed information related to the AvTurf System. Specifically, Plaintiffs explained the need for a crushed rock base grid system (as opposed to a traditional artificial turf sand base grid system) to support the weight of an aircraft if retrieval were necessary. After the August 7, 2000 meeting, the parties failed to reach an agreement under which they could work together.

In November of 2000, Plaintiffs, through their inventors Patrick Carr, Dale Collett, William Schomburg and Thomas Sullivan, filed their first U.S. patent application, No. 09/727,276, on the AvTurf System. On March 23, 2001, Plaintiffs filed a second patent application, No. 09/816,524, on the AvTurf System. On November 16, 2001, Plaintiffs filed an application under the Patent Cooperation Treaty ("PCT") claiming priority based on their '276 and '524 patent applications (hereinafter collectively referred to as "AvTurf's Patent Applications").

In September of 2002, AvTurf learned that FieldTurf had filed U.S. patent applications No. 60/229,601, No. 60/277,274, and a PCT patent application (hereinafter collectively referred to as "FieldTurf's Patent Applications") which included, as part of their subject matter claims, subject matter common to AvTurf's Patent Applications. Plaintiffs assert that FieldTurf's Patent Applications describe problems in utilizing artificial turf systems at airport installations and the solutions proposed by AvTurf to those problems. FieldTurf's Patent Applications also claim that Jean Prévost, FieldTurf's technical expert who was present at the August 7, 2000 meeting, is the inventor of the turf system and that FieldTurf has priority in the subject matter of the provisional patent applications.

On November 4, 2002, Plaintiffs filed a seven-count complaint seeking damages, injunctive relief, and declaratory relief for FieldTurf's actions regarding its pending patent applications. On

2

April 14, 2003, Plaintiffs agreed to dismiss two of the seven counts in their Complaint. Currently, Plaintiffs' Complaint seeks damages and injunctive relief alleging that Defendant: (1) misappropriated Plaintiffs' trade secret and proprietary information under the Illinois Trade Secret Act, 765 ILCS 1065 et. seq. (Count II); (2) violated the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) et. seq. (Count IV); (3) violated the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2 et. seq. (Count V); (4) and breached of a Letter of Intent (Count VI). Additionally, Count VII of Plaintiffs' Complaint seeks a declaratory judgment as to who is the inventor of the subject matter common to both AvTurf's and FieldTurf's Patent Applications.

On April 16, 2003, FieldTurf filed a Motion to Dismiss Count VII of Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The court will now address FieldTurf's motion.

## II. DISCUSSION

When reviewing a motion to dismiss, the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002); Autry v. Northwest Prem. Servs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998); it does not decide whether the plaintiff has a winning claim. Herdich v. Pegram, M.D., 154 F.3d 362, 369 (7th Cir. 1998). For the purposes of a 12(b)(1) motion, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Martin v. Shalala, 63 F.3d 497, 501 (7th Cir.1995); Rueth v. United States Environmental Protection Agency, 13 F.3d 227, 227 (7th Cir.1993). Under Rule 12(b)(1), the plaintiff bears the burden of establishing that it has satisfied the jurisdictional requirements of the court. Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). "Fundamental to our law is the understanding that '[f]ederal courts are not courts of general

jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" Transit Express, Inc. v. Ettinger, 246 F.3d 1018, 1023 (7th Cir.2001) (quoting Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)); see also Allen v. Wright, 468 U.S. 737, 750 (1984).

FieldTurf argues that the court lacks subject matter jurisdiction over Count VII of Plaintiffs' Complaint because it seeks a declaration of inventorship over FieldTurf's Patent Applications. FieldTurf contends that Count VII essentially asks the court to conduct an interference proceeding involving solely pending patent applications. FieldTurf further argues and that 35 U.S.C. § 135(a) grants the United States Patent and Trademark Office ("USPTO") exclusive jurisdiction over such claims, and therefore any decision of the court on the issue of inventorship would usurp the authority of the USPTO and violate Article III, Section 2 of the United States Constitution.

Congress has granted the district courts original jurisdiction over "any civil action arising under any Act of Congress relating to patents. . . ." 28 U.S.C. 1338(a). However, the mere presence of a patent issue alone does not create a cause of action arising under the patent laws. Consolidated World Housewares, Inc. v. Finkle, 831 F.2d 261, 265 (Fed. Cir. 1987); see also Ballard Medical Prods. v. Wright, 823 F.2d 527, 530-31 (Fed. Cir. 1987); Christianson v. Colt Indus. Operating Corp., 822 F.2d 1544, 1551-53 (Fed. Cir. 1987).

When two or more patent applications are directed to the same invention, the USPTO can declare an interference between the applications to determine which applicant is entitled to priority of invention. 35 U.S.C. § 135; Cooper v. Goldfarb, 240 F.3d 1378, 1382 (Fed. Cir. 2001). An interference is "a proceeding which the [USPTO] Board conducts to determine questions of priority,

i.e., who was the first to invent the common subject matter claimed in two or more applications or in one or more applications and an issued patent." Beech Aircraft Corp. v. EDO Corp., 990 F.2d 1237, 1248-49 (Fed. Cir. 1993). The Federal Circuit has stated that the USTPO has exclusive jurisdiction to conduct an interference proceeding involving a pending patent application under 35 U.S.C. § 135(a). Consolidated World Housewares, Inc., 831 F.2d at 265. In cases where the interference is between *issued patents* having the same or substantially the same subject matter, the district court, not the USTPO, is the proper forum to hear an interference proceeding. See Slip Track Systems, Inc. v. Metal-Lite, Inc., 304 F.3d 1256, 1263 (Fed. Cir. 2002).

Plaintiffs argue that Count VII does not request the court to conduct an interference proceeding or determine questions of priority of invention. Pl.s' Mem. in Opp. to Def.'s Mot. to Dismiss, at 10. Instead, Plaintiffs assert that Count VII "seeks a declaration as to who are the inventors of the subject matter common to both AvTurf's and FieldTurf's Patent Applications." Id. The court is not persuaded by Plaintiffs' argument distinguishing its request for relief from an interference proceeding. The Federal Circuit has defined an interference proceeding as a proceeding which determines "who was the first to invent the common subject matter claimed in two or more applications. . . ." Beech Aircraft Corp., 990 F.2d 1237, 1248-49 (Fed. Cir. 1993). This definition implies that an interference proceeding is appropriate when two or more competing patent applications contain common subject matter. See Cooper, 240 F.3d at 1382. Although Plaintiffs couch their request for relief as a declaration of inventorship, what they are really seeking is a determination of priority of invention. See Beech Aircraft Corp., 990 F.2d at 1248 (patent rights initially vest in the person who invented the subject matter at issue - a determination which is made in an interference proceeding). Plaintiffs allege that AvTurf's Patent Applications contain subject

matter common to FieldTurf's Patent Applications. If this is the case, which we assume for the purpose of this motion to dismiss, then the real question at issue is whether Carr or Prévost has priority of invention in the subject matter common to both sets of patent applications. This is a question in which jurisdiction lies exclusively with the USPTO. See 35 U.S.C. § 135(a); see also Consolidated World Housewares, Inc., 831 F.2d at 265.

Plaintiffs rely on Chou v. Univ. of Chicago, 254 F.3d 1347 (Fed. Cir. 2001) as primary authority supporting their position that this court has the power to consider inventorship issues relating to patent applications and to grant declaratory relief if warranted. In Chou, the plaintiff sought declaratory relief under 28 U.S.C. §§ 2201 and 2202 to determine whether she was the inventor of the subject matter contained in several issued U.S. patents and various U.S. and foreign patent applications. 254 F.3d at 1360. The Federal Circuit held that Chou had standing to sue to correct inventorship of the U.S. patents under 35 U.S.C. § 256, and therefore, the court need not determine whether she was a proper plaintiff under the Declaratory Judgment Act because § 256 provided her with all of the relief she sought. Id. The relevant statute in Chou was 35 U.S.C. § 256, which governs inventorship disputes over issued patents and explicitly creates jurisdiction in the district courts. Here, however, the relevant statue is 35 U.S.C. § 116, which governs inventorship disputes over pending patent applications. Section 116 does not explicitly create jurisdiction in the district courts to preside over such issues. 35 U.S.C. § 116. Thus, Chou never reached the issue of whether or not the district court has jurisdiction to grant declaratory relief over issues of inventorship involving solely pending patent applications. As a result, Chou is not authoritative of Plaintiffs' position.

6

Plaintiffs also cite several district court cases as persuasive authority supporting their position that the district court has jurisdiction to hear this case under 28 U.S.C. § 1338(a). In Kosower v. Gutowitz, No. 00-9011, 2001 WL 1488440 (S.D.N.Y. Nov. 21, 2001), the court held that a designation of inventorship under § 116 raised an issue of federal patent law substantial enough to satisfy the jurisdictional requirements of § 1338(a). 2001 W.L. 1488440, *6. The district court's decision in Kosower, however, has been criticized for its reliance on cases that involved issued patents, not pending patent applications. See Murray v. Gemplus International, S.A., No. 026265, 2002 U.S. Dist. LEXIS 22272, at 10-11 (E.D. Pa. Oct. 30, 2002) (noting that the Federal Circuit decisions which the Kosower court relied upon contained claims arising under § 256, not § 116). In light of this criticism, the court is not persuaded by Kosower. Additionally, Plaintiffs refer to Medigene AG v. Loyola Univ. of Chicago, No. 98-2026, 2001 WL 1636916 (N.D. Ill. Dec. 19, 2001) as authority for their position. Although Medigene AG held that the district court has jurisdiction to provide a declaration of inventorship and to order the transfer of pending foreign patent applications, Medigene AG is not persuasive. The interfering subject matter in the foreign patent applications at issue in Medigene AG competed with an issued patent, not other patent applications. Thus, Medigene AG is clearly distinguishable from the present case.

The court is also not persuaded by Plaintiffs' argument contending that FieldTurf waived any objection to subject matter jurisdiction when it filed its Counterclaims against Plaintiffs. Count II of FieldTurf's Counterclaim, like Count VII of Plaintiffs' Complaint, seeks a declaration of inventorship as to the subject matter common to AvTurf's Patent Applications and FieldTurf's Patent Applications. Although FieldTurf now claims that the court lacks jurisdiction to make such a declaration, Plaintiffs' argument fails because the parties cannot waive the subject matter

jurisdiction of the federal courts. Mitchell v. Maurer, 293 U.S. 237, 244 (1937); United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 965 (7th Cir. 2003); Adkins v. Illinois Central R. Co., 326 F.3d 828, 851 (7th Cir. 2003).

Finally, the court rejects Plaintiffs' argument asserting that the court has supplemental jurisdiction over Count VII pursuant to 28 U.S.C. § 1367, because Count VII is related to Plaintiffs' other claims in their Complaint. Section 1367(a) provides that:

> Except as provided in subsections (b) or (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367. 35 U.S.C. § 135 expressly provides that the USPTO has exclusive jurisdiction over interference proceedings involving solely pending patent applications. See Consolidated World Housewares, Inc., 831 F.2d at 265. The court will not usurp the exclusive power of an administrative agency once Congress has spoken on the issue. As such, § 1367(a) is not applicable to Plaintiffs' Count VII.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count VII of Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted.

IT IS SO ORDERED.

ENTER:

*Charles R Norgle*

CHARLES RONALD NORGLE, SR., Judge
United States District Court

DATED: 6/23/03